UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER T. DOLSON,

                          Plaintiff,

     v.                                      5:12-cv-1537

LACY KATZEN, LLP,
WORLD FINANCIAL NETWORK BANK,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Peter Dolson commenced the instant action against Defendants Lacy Katzen, LLP and World Financial Network Bank, alleging violations of N.Y. Gen. Bus. Law § 349 and 15 U.S.C. § 1692. Presently before the Court is Plaintiff's motion for a default judgment in the amount of $104,561.09, inclusive of attorneys' fees. Defendants have not appeared in this action.

## I.    FACTS

The following facts are taken from the Complaint. Because Defendants have failed to appear, the factual allegations are deemed to be true.

Plaintiff made a purchase of furniture from American Signature Furniture. The purchase was financed by Defendant World Financial Network Bank ("WFNB"). The parties entered into a note and security agreement to memorialize the financing of the furniture.

Thereafter, Plaintiff defaulted on the note and security agreement. WFNB retained Defendant law firm Lacy Katzen LLP to collect the unpaid debt.

On October 11, 2011, Lacy Katzen commenced an action against Plaintiff by filing a complaint with the Syracuse City Court. The complaint alleges that Plaintiff owed a debt to WFNB and is in default on the debt. Lacy Katzen then attempted to effectuate service of process on Plaintiff by leaving a copy of the complaint at 8192 Mantova Drive, Clay, New York 13041, and also mailing a copy of the complaint to that same address.

The instant Complaint alleges that "upon information and belief both Defendants had actual knowledge or in the alternative could have obtained actual knowledge after a reasonable inquire that the Plaintiff's address had changes from 8192 Mantova Drive, Clay, New York 13041 to 5451 Lucknow Drive, Clay, New York 13041 in November 2008." Plaintiff claims that he was never a resident of the City of Syracuse or an adjacent town.

The instant Complaint alleges that Defendants knowingly served the complaint on an incorrect address "with the purpose and forethought that improper service would likely result in a default being taken against Plaintiff" and that "Defendants knowingly caused service of a copy of the complaint referenced in paragraph 10 above to a person that was not the Plaintiff and therefore improperly disclosed that the Plaintiff had defaulted on an obligation in an attempt to harass, embarrass, and intimidate the Plaintiff into paying the alleged debt." It is alleged that these actions violated N.Y. Gen. Bus. Law § 349(a) and 15 U.S.C. § 1692.

## II.     STANDARD OF REVIEW

Defendant's failure to appear constitutes an admission of all well-pleaded allegations in the Complaint. H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir.

2006). "However, it is also true that a district court 'need not agree that the alleged facts constitute a valid cause of action.'" City of New York v. Michalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (quoting Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). "[A] district court has discretion . . . to require proof of necessary facts. . . ." Au Bon Pain, 653 F.2d at 65. The Second Circuit has instructed that "prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendants'] liability as a matter of law.'" Machalis Pawn Shop, 645 F.3d at 137 (quoting Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. . . . Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

### III. DISCUSSION

#### a. Fair Debt Collection Practices Act

##### 1. 1692i

The Complaint alleges that "by filing a complaint in Syracuse City Court which did not have jurisdiction under § 231", Defendants violated 15 U.S.C. § 1692i. Section 1692i provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall bring such action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."

Although the Complaint adequately alleges that Plaintiff does not reside within the jurisdiction of the Syracuse City Court, the Complaint fails to allege whether Plaintiff signed the underlying contract in a location within the jurisdiction of the Syracuse City Court and, therefore, there are insufficient facts before the Court to ascertain whether there has been a violation of § 1692i.

**b.     1692e**

The Complaint next alleges that Defendants violated § 1692e "by knowingly causing the service of a summons and complaint on the improper address of the Plaintiff" and "serving summons at a family member's residence with the intent to embarrass Plaintiff and coerce Plaintiff to pay the alleged debt." Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

The Court again finds that there are insufficient facts before it to establish Defendants' liability as a matter of law. The Complaint establishes that Plaintiff did, at one time, reside at 8192 Mantova Drive and that he moved in November 2008. It, therefore, is unclear based on the limited facts before the Court that Defendants used a false, deceptive, or misleading representation; engaged in conduct intended to embarrass Plaintiff and coerce him to pay; or otherwise violated the FDCPA. See also 15 U.S.C. §§ 1692d; 1692f.

**c.     Damages**

Assuming, arguendo, Plaintiff did establish liability under the FDCPA, he fails to establish the entitlement to damages in the claimed amount of $100,000.00. The FDCPA allows for the recovery of actual damages and additional damages not exceeding $1,000,

together with costs and attorneys' fees. 15 U.S.C. § 1692k. There is nothing before the Court identifying any actual damages.

### d. New York General Business Law § 349

Plaintiff also claims that the foregoing conduct violated New York Gen. Bus. Law § 349. That law provides, in pertinent part, that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." "A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." Stutman v. Chem. Bank, 95 N.Y.2d 24, 29, 731 N.E.2d 608, 611 (2000).

For the reasons previously discussed in connection with the FDCPA claims, the Court finds that the present record is insufficient to establish the second and third elements of the § 349 claim.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the facts before it do not establish valid causes of action and, accordingly, Plaintiff's motion for a default judgment is DENIED.

IT IS SO ORDERED.

Dated: February 6, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge